UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAN-AM FUEL DISTRIBUTION LLC,<br><br>Plaintiff,<br><br>v.<br><br>SINCLAIR OIL LLC et al.,<br><br>Defendants. | CASE NO. 3:24-cv-05743-DGE<br><br>ORDER DENYING MOTION FOR STAY PENDING APPEAL (DKT. NO. 63) |

Plaintiff Can-Am Fuel Distribution LLC's ("Can-Am") seeks reconsideration (Dkt. No. 63) of the Court's May 12, 2025 Order on Motions for Preliminary Injunction (Dkt. No. 59). For the reasons discussed below, Can-Am's motion is DENIED.

I.   FACTUAL AND PROCEDURAL BACKGROUND

In October 2024, Defendants Sinclair Oil LLC ("Sinclair") and Glovis America Inc. ("Glovis") filed motions to dismiss Can-Am's claims. (Dkt. Nos. 14, 17.) On February 25, 2025, the Court issued an order granting each motion in part and denying each motion in part. (Dkt. No. 48.) The Court dismissed Can-Am's Petroleum Marketing Practices Act ("PMPA")

ORDER DENYING MOTION FOR STAY PENDING APPEAL (DKT. NO. 63) - 1

and Washington Gasoline Dealer Bill of Rights ("GDBRA") claims against Sinclair and Glovis. (*Id.*)  The Court also dismissed Can-Am's claim under the Washington Consumer Protection Act ("CPA") for violation of the Washington Franchise Investment Protection Act ("FIPA") with respect to Glovis.  (*Id.*)  The Court also dismissed Can-Am's alternative Inducing Breach of Contract claim against Sinclair.  (*Id.*)  Can-Am *did not* move for reconsideration of the Court's order on Defendants' motions to dismiss.

On January 23, 2025, prior to the Court's ruling on Defendants' motions to dismiss, Can-Am filed a motion for a preliminary injunction.  (Dkt. No. 28.)  On January 27, 2025, Sinclair filed its own motion for a preliminary injunction.  (Dkt. No. 30.)  The same day, Sinclair also filed an answer to Can-Am's complaint, asserting numerous counterclaims pursuant to the Lanham Act and the CPA.  (Dkt. No. 29.)  On May 12, 2025, the Court issued an order granting Sinclair's motion for a preliminary injunction and denying Can-Am's motion for the same.  (Dkt. No. 59.)

On May 14, 2025, Can-Am filed a Notice of Appeal indicating it sought review of this Court's May 12, 2025 Order.  (Dkt. No. 60.)  On May 16, 2025, Can-Am filed an Amended Notice of Appeal; this time indicating it sought review of the Court's May 12, 2025 Order "and the related Order on Motion to Dismiss (Dkt. No. 48), entered on February 25, 2025, to the extent necessary to adjudicate the Order on Motions for Preliminary Injunction."  (Dkt. No. 62.)  The same day, Can-Am filed an emergency motion for a stay pending appeal and seeking a telephonic hearing.  (Dkt. No. 63.)  The Court issued an order directing Defendants to file a response to Can-Am's motion no later than Monday May 19, 2025 at 12:00 P.M.  (Dkt. No. 65.)  The Court stated it would determine whether a hearing was necessary after considering

Defendants' response. (*Id.*) Having received and reviewed Sinclair's response to Can-Am's motion, the Court finds that it can rule on Can-Am's motion without holding a hearing.

## II. LEGAL STANDARD

Pursuant to Federal Rule Civil Procedure 62(d), "[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." In determining whether to issue a stay of an injunction, the court considers four factors: (1) whether the stay applicant "has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 427 (2009). "[T]he first two *Nken* factors are the most critical, and that the second two factors are only considered if the first two factors are satisfied." *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 824 (9th Cir. 2020).

In order to justify a stay pending appeal, the moving party "must show, at a minimum, that [it] has a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 967–968 (9th Cir. 2011). "A stay pending appeal is an extraordinary remedy that may be awarded only on a clear showing that appellant is entitled to such relief." *Oracle USA, Inc. v. Rimini St., Inc.*, Case No. 2:10-cv-0106-LRH-(VCF), 2018 WL 4355154 at *2 (D. Nev. Sept. 11, 2018).

## III. DISCUSSION

**A. Likelihood of Success on the Merits**

Can-Am argues it has a reasonable probability of success on appeal because the Court erred in dismissing its PMPA claims at the motion to dismiss stage. (Dkt. No. 63 at 8–13.) Can-Am contends that if the Ninth Circuit finds the Court erred in dismissing its PMPA claims, then Can-Am's motion for a preliminary injunction should arguably have been granted, while Sinclair's motion for a preliminary injunction should arguably have been denied. (*Id.* at 9.) Can-Am sets forth many of the arguments it raised in response to Defendants' motions to dismiss, and notes the Court found it plausibly alleged the existence of "some type" of contractual relationship between Sinclair and Can-Am while also dismissing Can-Am's PMPA claims. (*Id.* at 10–12.) Can-Am argues the Court erred in dismissing its PMPA claims because it relied upon an interpretation of the PMPA that "has been considered, and rejected, by at least one other federal Court." (*Id.* at 12.)

In essence, Can-Am argues the Court's May 12, 2025 Order was incorrect because its February 25, 2025 Order dismissing Can-Am's PMPA claims was incorrect. But Can-Am did not seek reconsideration of the Court's February 25, 2025 Order. Nor did it ever seek leave to amend the Complaint to attempt to address the deficiencies identified by the Court. Moreover, Can-Am's present motion does not challenge the analysis contained in the May 12, 2025 Order; it only challenges the Court's February 25, 2025 ruling. In essence, Can-Am seeks reconsideration of the Court's February 25, 2025 Order approximately 80 days after it was issued.

The Court questions whether Can-Am can appeal, at this stage, the Court's order on Defendants' motions to dismiss. *See Prellwitz v. Sisto*, 657 F.3d 1035, 1038 (9th Cir. 2011) ("[T]he district court's order was not final because it did not dispose of the action as to *all* claims between the parties."). Notwithstanding, even if Can-Am can appeal the February 25, 2025

1  Order, it has not presented new arguments that indicate a reasonable probability of success on

2  appeal.

3       Accordingly, this factor weighs against granting Can-Am's motion for a stay.

4    **B.  Irreparable Injury**

5       Can-Am argues it will suffer significant hardship if required to comply with the Court's

6  order granting Sinclair's motion for injunctive relief. (Dkt. No. 63 at 13–16.) Can-Am contends

7  "complete de-identification" of its Vancouver station would not be feasible within the 30 day

8  deadline set forth in the Court's order. (*Id.* at 14.) Can-Am argues doing so would entail

9  significant expense, and that re-branding with the trademarks of another refiner or Can-Am's

10 own trademarks would take approximately seven months and would cost even more than de-

11 branding. (*Id.*) Can-Am further contends the bond set forth in the Court's order does not

12 provide sufficient security to pay the costs and damages sustained by Can-Am if the Court's

13 order is reversed. (*Id.*) Can-Am also raises several arguments it presented in connection with

14 the parties' motions for a preliminary injunction. (*Id.* at 15–16.)

15      According to a declaration submitted by Can-Am, a "complete, professional de-branding"

16 of its station would require repainting canopies and buildings with different colors than those that

17 are part of Sinclair trade dress and could not be completed within the deadline set by the Court.

18 (Dkt. No. 64 at 2.) Can-Am asserts that a minimal de-branding, which it calls a "wrap job",

19 would consists of covering up Sinclair's word and design marks on an interim basis "pending

20 obtaining the necessary permits and arranging for a contractor to do the work." (*Id.*) Can-Am

21 asserts that re-branding the station would cost between $200,000 to $300,000. (*Id.*) The Court's

22 order does not require Can-Am to "re-brand" its station, and Can-Am does not cite a cost

23 associated with the "wrap job" de-branding it describes. As such, the Court cannot find that

24

ORDER DENYING MOTION FOR STAY PENDING APPEAL (DKT. NO. 63) - 5

Can-Am would be irreparably injured absent a stay of its injunction, and this factor weighs against granting a stay of the Court's injunction.  Moreover, Can-Am has not filed a motion asking the Court to reconsider the conditions imposed in the May 12, 2025 Order.

Because the first two *Nken* factors weigh against granting a stay, the Court will not evaluate the third and fourth factors.

## IV.    ORDER

Can-Am's motion for a stay pending appeal (Dkt. No. 63) is DENIED.

Dated this 20th day of May, 2025.

David G. Estudillo
United States District Judge