The Honorable David E. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAN-AM FUEL DISTRIBUTION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SINCLAIR OIL, LLC<br>f/k/a Sinclair Oil Corporation,<br><br>and<br><br>GLOVIS AMERICA, INC.,<br><br>Defendants. | Case No. 3:24-cv-05743-DGE<br><br>JOINT STATUS REPORT |

Dear Judge Estudillo,

Plaintiff Can-Am Fuel Distribution, LLC ("Can-Am"), Defendant Sinclair Oil, LLC f/k/a Sinclair Oil Corporation ("Sinclair"), and Defendant Glovis America, Inc. ("Glovis") (collectively, the "Parties"), by and through their undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's Minute Order entered on September 17, 2026 (Dkt. No. 101).

Following issuance of the Ninth Circuit's mandate (Dkt. No. 100), the Court directed the Parties to meet and confer regarding discovery, trial availability, revised deadlines, and other matters that will affect the progress of this case and to submit a joint status report no later than October 19, 2026. Counsel for the Parties met and conferred, including via virtual meetings and email. Attached as Exhibit A is a chart setting forth the proposed revised trial and pretrial dates.

Dated: October 19, 2026

Respectfully submitted,

**CAN-AM FUEL DISTRIBUTION, LLC**
**By:** /s/*Daniel J. Oates*______________

Daniel J. Oates
MILLER NASH LLP
605 5th Avenue South, Suite 900
Seattle, Washington 98104
Telephone: 206.777.7537
Email: dan.oates@millernash.com

Michael J. Lockerby (admitted *pro hac vice*)
Alexander J. Liederman (admitted *pro hac vice*)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Sixth Floor
Washington, D.C. 20007
Telephone: 202.945.6079
Email: mlockerby@foley.com
Email: alex.liederman@foley.com

**SINCLAIR OIL LLC F/K/A SINCLAIR OIL CORPORATION**
**By:** /s/*Abby L. Risner*________________

Abby L. Risner
UB Greensfelder LLP
10 S. Broadway, Suite 2000
St. Louis, MO 63102
314-345-4785
arisner@ubglaw.com
Heidi B. Bradley, WSBA No. 35759
BRADLEY BERNSTEIN SANDS LLP
2800 First Avenue, Suite 326
Seattle, WA 98121
206-337-6551
hbradley@bradleybernstein.com

**GLOVIS AMERICA, INC.**
**By:** /s/*Ryan W. Vollans*________________

P. Arley Harrel, WSBA # 05170
Ryan W. Vollans, WSBA # 45302
Mary W. Cullen, WSBA #58747
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2380
Ph: (206) 628-6600
Fax: (206) 628-6611

**CERTIFICATE OF SERVICE**

I, Semee Yim, hereby certify that I caused the foregoing JOINT STATUS REPORT to be filed using the CM/ECF system which will send notification of the same to all registered users.

*I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.*

EXECUTED in Seattle, Washington on this 19th day of October, 2026.

*/s/Semee Yim*
Semee Yim, Legal Assistant
Semee.Yim@millernash.com

# EXHIBIT A

**TRIAL AND PRETRIAL DATES**

| **Event** | **Old Date** | **Proposed Date** | **Plaintiff's Position** | **Defendants' Position** |
|---|---|---|---|---|
| SEVEN DAY JURY TRIAL set for 9:00 AM | March 16, 2026 | October 19, 2027[1] | The proposed trial date takes into account the dates previously set, the impact of the Ninth Circuit's PMPA ruling and subsequent events (including the district court's preliminary injunction ruling, the resultant de-identification of Can-Am's Licensed Location, and the potential for re-branding), and known scheduling conflicts. These known scheduling conflicts include scheduled knee surgery for Can-Am's Managing Member Justin McCallum on October 23, 2026, two overseas trips scheduled for Can-Am's lead counsel in November 2026, and cardiac surgery for the wife of Can-Am's lead counsel by the end of January 2027 requiring a minimum of one-week hospitalization and a four- to five-week recovery period unless a more invasive procedure is required, which will not be known until it is underway). | |
| Deadline for filing motion to join parties | March 10, 2025 | March 10, 2027 | Subsequent events (including some that have occurred since the stay) suggest that unnecessary pre-trial motions practice could be avoided if the parties had the opportunity to assert claims and defenses on behalf of and against affiliates of current parties, for which no additional discovery would be required. | The new scheduling order should address dates that (1) had not already expired at the time of the stay OR (2) are necessary because a claim has been revived. This request fits neither of these. Defendants object to including this date, and request that, if it is included, it be modified to set a deadline for Plaintiff to first establish that they meet the requirements under Rule 16(b)(4), and the requirements in this Circuit for seeking amendment subject to that Rule. |
| Deadline for amending pleadings | March 20, 2025 | March 20, 2027 | Fed. R. Civ. P. 15(b)(1) provides that pleadings can be amended at trial to conform them to the evidence and states: "The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Discovery has been completed and there have been subsequent events since the filing and drafting of the Complaint on September 4, 2023— | The new scheduling order should address dates that (1) had not already expired at the time of the stay OR (2) are necessary because a claim has been revived. This request fits neither of these. Defendants object to including this date, and request that if it is included Plaintiff first establish that they meet the requirements under Rule 16(b)(4) requiring good cause, and the requirements in this Circuit for seeking amendment |

[1] Avoid dates of counsel for the period March through December 2027 are set forth in the last row of this table.

| | | | | |
|---|---|---|---|---|
| | | | including the actual termination of Can-Am's PMPA franchise, the district court's preliminary injunction ruling, the resultant de-identification of Can-Am's Licensed Location, and the potential for re-branding. Amending the pleadings in advance of trial to conform to the evidence would require no additional discovery, would not be prejudicial to any party, and would avoid unnecessary pre-trial motions practice. | subject to that Rule (including diligence, no dilatory motive, and no undue delay).<br><br>Based on Plaintiff's description, the "events" occurred prior to the previous deadline to amend or, at a minimum, prior to the stay being entered but Plaintiff failed to request any timely amendment. |
| **Can-Am proposed addition:** Motion to dissolve or modify the preliminary injunction and restore the status quo | N/A (new) | March 31, 2027 | The basis for the preliminary injunction was the dismissal of Can-Am's PMPA claim, which the Ninth Circuit has since reversed on appeal. | Defendants will oppose the motion but would not oppose agreeing to a briefing schedule. |
| Disclosure of expert testimony under FRCP 26(a)(2) | August 8, 2025, September 8, 2025 | April 12, 2027 | Existing expert disclosures could be updated to reflect the passage of time, subsequent events, and the reinstatement of Can-Am's PMPA claim. The parties agree that expert depositions may be necessary on the supplemental reports. | Glovis' Position: Over a year ago, Glovis' economist's expert report was filed and served seven days late (the expert was previously disclosed, including a summary of his testimony, but his report was not filed/served by the deadline). Plaintiff's and its corresponding expert's position was that they could not evaluate and respond to Glovis' expert report because of this, and they never did. While Plaintiff deposed Glovis' expert economist following the receipt of his report, they limited the scope of his deposition to his rebuttal opinions only. Plaintiff thereafter never requested Glovis' expert's deposition or in any way responded to the expert's opinions. When conferring on this report, Glovis' counsel asked whether it would be contended that any depositions of experts would need to be limited to "updated" reports/opinions and whether it would be contended that Glovis' expert could not now be deposed based on this limitation. Plaintiff's position on this issue was not clear to Glovis or whether simply reissuing the report and designating it as "updated" would resolve the issue. Glovis' position on this is that if Plaintiff decides to take the deposition of Glovis' expert, Plaintiff is entitled to question about any of the expert's opinions that have been expressed and previously disclosed expert without being able to claim |

| | | | | |
|---|---|---|---|---|
| | | | | that they are unable to do so based on a limitation of "updated" opinions. |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) | September 8, 2025,<br>October 8, 2025 | May 12, 2027 | Existing expert disclosures could be updated to reflect the passage of time, subsequent events, and the reinstatement of Can-Am's PMPA claim. The parties agree that expert depositions may be necessary on the supplemental reports. | |
| All motions related to discovery (including leave to take additional discovery) must be filed by | October 17, 2025 | February 26, 2027 | Motions would be limited in scope to those that could not reasonably have been brought before October 17, 2025 and to seeking leave for any additional discovery. | |
| Discovery completed by | October 22, 2025 | May 28, 2027 | Absent leave to take additional discovery for good cause shown, additional fact discovery would be limited in scope to the deposition of Spencer Lucas (0.5 day) and required supplementation of prior discovery responses. | Sinclair's Position: Agree with Plaintiff's Position.<br><br>Glovis' Position: Glovis does not believe placing limitations on discovery at this juncture is warranted and would so doing would likely be problematic. The parties always have FRCP 26(c) available if it is believed protections are necessary and agreement cannot be reached by the parties. In this same proposed scheduling order, Plaintiff indicates that they may seek to add additional parties and amend its Complaint. If it does so, it is foreseeable that the scope of necessary discovery could change. In the event Plaintiff successfully moves to add additional parties and/or claims/allegations, this proposed limitation would serve to preclude discovery relevant to potential additional parties/claims/allegations absent having to file a motion for additional discovery. |
| All dispositive motions must be filed by | November 17, 2025 | June 21, 2027 | | |
| Motions in limine should be filed pursuant to Local Rule CR 7(d)(4) by | February 9, 2026 | September 13, 2027 | | |
| Agreed pretrial order filed with the Court by | February 23, 2026 | September 27, 2027 | | |
| Pretrial conference will be held at 2:30 PM on | March 6, 2026 | October 19, 2027 | | |

| | | | | |
|---|---|---|---|---|
| Trial brief, proposed voir dire, jury instructions, agreed neutral statement of the case, and deposition designations due by | February 23, 2026 | September 27, 2027 | | |
| COLLECTIVE AVOID DATES OF COUNSEL FROM MARCH 2027 – DECEMBER 2027: March 17 – 26, May 3 – 11, May 28 – June 21, July 7 – 12, August 1 – 20, August 24 – September 1, October 4 – 8. | | | | |